(Reap. Dec. 8203)

HERBERT B. MOLLER *v.* UNITED STATES

Entered at Jacksonville, Fla.
Entry No. J–528.

(Decided February 11, 1953)

Plaintiff not represented by counsel.
*Charles J. Wagner*, Acting Assistant Attorney General (*Harold L. Grossman* and *Arthur R. Martoccia*, special attorneys), for the defendant.

FORD, Judge: The appeal listed above involves the proper value of certain 831 pieces of steel plates and 112 lifts—round deformed reinforcing bars. The steel plates were entered as follows: ⅝₆ inch, ½ inch, and ⅜ inch at $129 per 1,000 kilos, plus quality $3.70 per 1,000 kilos, plus thickness $1.55 per 1,000 kilos; ¼ inch at $129 per 1,000 kilos, plus quality $3.70 per 1,000 kilos, plus thickness $6.50 per 1,000 kilos; and the ⅝ inch and ¾ inch at $129 per 1,000 kilos, plus quality $3.70 per 1,000 kilos, all less inland freight, and were appraised as entered. The steel bars or rounds were entered as follows: ⅝″ and ¾″ at $110.70 per 1,000 kilos, ½″ at $112.11, and ⅜″ at $113.52, all per 1,000 kilos, plus $2.90 per 1,000 kilos cutting tolerance, less inland freight $390.31 ($4.32 per 1,000 kilos), and were appraised as entered.

At the trial of this case, the following transpired:

MR. GROSSMAN: The importer claims the date of exportation was January 15th. The Government contends that the date of exportation was subsequent to January 17th. I think there is no question here but that the value of the merchandise on or about January 15th would have been $109.00, plus certain extras for quality, etc. There is also, I think, no doubt, and I think Mr. Moller will concede the fact, that if the merchandise was exported on, or after January 17th and prior to March 17th that the export value was $129.00, plus various extras and specials for quality and size.

CHIEF JUDGE OLIVER: Is that a fact?

THE WITNESS: That is a fact, yes, Sir.

Mr. Grossman: Now, the sole issue before the Court, as I see it, * * * is whether the importer can show that the date of exportation was January 15th.

\*  \*  \*  \*  \*  \*  \*

Mr. Martoccia: I will stipulate with Mr. Moller that the manufacturer's list price of the merchandise set forth on entry J–528 on January 15, 1951, was $109.00 plus extras, less inland freight.

\*  \*  \*  \*  \*  \*  \*

Mr. Martoccia: In that concession that I made, I should also like to add that the merchandise was appraised on the basis of export value and we found—the Government appraised at the value of $129.00 per thousand kilograms, plus extras, and the importer is claiming that the proper dutiable value is $109.00 per thousand kilos, plus extras, the sole question being the date of exportation, when the merchandise crossed over from France to Belgium. There is no foreign value and the proper basis is the export value.

Judge Ford: That is conceded by both parties?

Mr. Martoccia: Yes.

Mr. Moller: Yes.

In an effort to establish the date of exportation of the merchandise, plaintiff offered and there was received in evidence as plaintiff's exhibit 4 an affidavit from which the following is quoted:

The undersigned, S. A. DAVUM EXPORTATION, hereby certify and attest that the 831 pieces Steel Plates * * * we have shipped to Jacksonville on the S/S "Alexandros Koryzis" that sailed from Antwerp on February 17th 1951, were despatched by our Homécourt works on January 12th 1951 * * * and have crossed the French border at Strasbourg on January 15th 1951 as it appears from original export license No. 2.630.842.S.0904 attached hereto.

We also certify that the official Basis price FOB Antwerp on the date of exportation, viz. on January 15th 1951, was US $109,—per 1000 kgs for the said material.

It is to be noted that the above-quoted affidavit covers only the date of exportation of the 831 steel plates, and since the round deformed reinforcing bars were exported from Luxembourg and not from France, there is no evidence in the record before me as to the date of exportation of the deformed steel bars. There can be no question but that the above affidavit establishes, in the absence of any evidence to the contrary, that the 831 steel plates were exported on January 15, 1951.

The concessions and stipulations of counsel for the defendant, heretofore set out, considered in connection with the affidavit as to the date of exportation, are sufficient to and do establish that the 831 steel plates were exported on January 15, 1951, and that the value thereof on the date of exportation was $109 per 1,000 kilos, plus extras as entered, and less inland freight as entered.

There is no evidence in this record as to the date of exportation of the deformed bars, nor is there any evidence as to the value thereof. Since there is no evidence before me to disturb the presumptively correct value for the deformed steel bars found by the appraiser,

I find the proper dutiable value therefor to be the value found by the appraiser.

Upon a full consideration of the record, I find the proper export value for the 831 steel plates to be $109 per 1,000 kilograms, plus extras as entered, and less inland freight as entered. Judgment will be rendered accordingly.